SUSAN E. P. FORBES & others *vs.* BYFIELD WOOLEN COMPANY.

Essex.   November 28, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil,* Exceptions.   *Mill Act.   Water Rights.*

Upon a bill of exceptions to the findings and rulings of a judge sitting without a jury, which does not contain all the evidence and omits among other things an auditor's report, and where the judge has taken a view the result of which does not appear except as disclosed by his findings, the findings of the judge upon a question of fact will not be disturbed, especially where there is evidence reported in the bill of exceptions which warrants them.

A complaint under the mill act, Pub. Sts. c. 190, for damages from the alleged wrongful flowing of the complainant's land by a dam maintained by the respondent, was heard, except as to damages, by a judge, sitting without a jury, who found that the respondent within the three years next preceding the complaint had maintained its dam at a greater height than it had a right to do without making compensation.   On exceptions by the respondent to the refusal of the judge to make certain findings and rulings and to the findings and rulings made by him, all the evidence was not reported and an auditor's report considered by the judge was not before this court.   It appeared that the judge took a view of the dam and that the apron was removed from it and some excavations made in order that he might see whether the capsill put in at a certain time rested upon the original stone work or otherwise.   What was disclosed by the view did not appear except as it might be inferred from the findings.   There was nothing in the deeds put in evidence or in any writing between the parties and their privies fixing the height at which the respondent and its predecessors had the right to maintain the dam, and the right of the respondent depended upon a question of fact to be determined upon the evidence relating to the height at which the respondent had maintained its dam and exercised the privilege of flowing.   *Held,* that the findings of the judge were warranted by the evidence reported in the bill of exceptions which the court did not find it necessary to review in the opinion.

MORTON, J.   This is a complaint under the mill act so called, Pub. Sts. c. 190, R. L. c. 196, filed June 30, 1900, to recover damages for the wrongful flowing of the lands of the petitioners by a dam maintained by the respondent, and to have bounds fixed establishing the height to which the respondent may flow. The respondent, in addition to a general denial, answered in bar that it had " a right to maintain its dam in the manner and to the height at which the same is now maintained, and has been maintained for three years next preceding the bringing of this complaint, without the payment of any compensation to said com-

plainants, or to any of them." The case was tried, as to the matters relating to the answer in bar and the height to which the respondent has a right to flow, before a judge of the Superior Court, without a jury, and afterwards was submitted to a jury on the question of damages. No question arises in regard to the damages, and the case is here on exceptions by the respondent to the refusal of the judge at the trial without a jury to make certain findings and rulings requested by it, and to the findings and rulings that were made.

The judge found the legal height of the dam to be twelve inches below the bottom of the bolt holes in a certain rock, " with the right to whatever flowage results from that height "; meaning, as we understand the finding, that the height to which the respondent could maintain its dam and flow accordingly without compensation was twelve inches below the bolt holes. The judge also found that the legal width of the waterway was forty-four feet but that it had been narrowed, and that an addition had been made at the ends of the dam which the judge was unable to determine exactly, but which was, he found, at least equal in height to the bolt holes. And the judge found and ruled on the whole case, that the respondent had maintained its dam within the three years next preceding the bringing of the complaint higher than it had the right to do without compensation.

The respondent asked the judge to rule that on all the evidence the complainants were not entitled to a finding against it and that during the time referred to in the complaint the respondent had violated no rights of the complainants, and had a right to maintain its dam so as to flow to the under side of the bolt holes. The respondent also asked the judge, if he found that it had maintained its dam higher than it had the right to, or had violated the rights of the complainants, " to find to what extent, in which respect and for how long a time." This the judge declined to do, except so far as he had done so in the memorandum which he filed, and which, if the matter was not one addressed to his discretion, appears to us in substance and effect to have complied with the request thus made. At any rate, if the matter was one of right, no contention is now made that the request was not complied with.

Not all of the evidence is reported. The auditor's report, for instance, is not before us.

The judge also took a view and "the apron was removed from the dam and some excavations made that the judge might see whether the capsill put in in 1898 rested upon the original stone work or otherwise." What was disclosed by the view does not appear otherwise than as may be inferred from the findings.

The evidence tended to show that a dam had been erected and maintained by the respondent and its predecessors in title for a long time for the working of a mill owned by them, and that lands belonging to the complainants were and had been flowed thereby. But except in two instances occurring in the respond-dent's chain of title and that of the complainant Forbes, there is nothing in any of the deeds to show the height to which the respondent could maintain its dam and flow. In both of these cases the right of flowing was limited to the under side of the bolt holes above referred to. One of these limitations occurred in a lease of the mill and privilege for the term of seven years, and the other in a deed of a moiety of a tract of six acres which included the mill and privileges and afterwards was reconveyed to the grantor. The lease expired by its own limitation and the reconveyance of the moiety put the grantor in as of his former estate and extinguished the right of flowage which had been conveyed, as the judge, in effect, ruled at the respondent's request. In the absence, therefore, of anything in the deeds and of any writing between the parties and their privies fixing the height to which the respondent and its predecessors could maintain their dam and flow, the question became a question of fact to be determined upon the evidence in the case relating to the height to which the respondent had maintained its dam and exercised the privilege of flowing. And without undertaking here to review the testimony we deem it enough to say that, after a careful examination of it, the findings of the presiding judge seem to us well warranted by the evidence reported in the bill of exceptions.

The respondent claims an unlimited right of flowage as against the petitioner Forbes. But there is nothing in any of the deeds, except perhaps some of the earliest ones, under which the respondent can claim to have any such right. And there was

evidence warranting a finding that no such right had been claimed or exercised for upwards of forty years. We are of the opinion that there is nothing to control in respect to her the general findings of the judge in regard to the height to which the respondent has a right to maintain its dam and flow.

*Exceptions overruled.*

*F. H. Williams,* for the respondent.
*H. I. Bartlett,* for the complainants.